Armen Akaragian, Esq., #242303
armen@akaragianlaw.com
**AKARAGIAN LAW, INC.**
6311 Wilshire Boulevard
Second Floor
Los Angeles, California 90048
Telephone (818) 922-8522
Facsimile (818) 864-3208

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIA RAYMUNDO, <br><br>   Plaintiff, <br><br>   v. <br><br> UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; THOMAS ANTHONY GRAVELY; and DOES 1 to 10, Inclusive, <br><br>   Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. NEGLIGENCE |

Plaintiff GREGORIA RAYMUNDO alleges against Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, THOMAS ANTHONY GRAVELY, and DOES 1 through 10, inclusive, as follows:

## JURISDICTION AND VENUE

1. This civil action is brought pursuant to the Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Jurisdiction is founded on 29 U.S.C. § 1346(b).

2. Venue is proper in this Court because one or more Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, State of California.

## PARTIES

3. At all times mentioned herein and relevant hereto, Plaintiff GREGORIA RAYMUNDO was and is an individual residing in the City of Long Beach, County of Los Angeles, State of California.

4. At all times mentioned herein and relevant hereto, Defendant UNITED STATES OF AMERICA was and is a governmental agency.

5. At all times mentioned herein and relevant hereto, Defendant UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT was and is an agency of the UNITED STATES OF AMERICA.

6. At all times mentioned herein and relevant hereto, Plaintiff is informed and believes and thereon alleges that Defendant THOMAS ANTHONY GRAVELY was and is an individual residing in the City of Long Beach, County of Los Angeles, State of California, and acting within the course and scope of his employment for, and/or acting in furtherance of the agency relationship with Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and DOES 1 through 10, inclusive.

7. Plaintiff is informed and believes, and thereon alleges, that at all times relevant and mentioned herein, Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, THOMAS ANTHONY GRAVELY, and each of them, including DOES 1 through 10, inclusive, and each of them, were the agents, servants, employees, independent contractors, co-conspirators, retailers, distributors, wholesalers, management companies, subsidiaries and/or joint venturers of their co-Defendants, and were at all times material hereto, acting within the course, scope and authority and purpose of said agency, employment and/or venture, and with the permission and consent of their co-Defendants, and/or that all of

said acts were subsequently performed with the knowledge, acquiescence, ratification and consent of the respective principals, and the benefits thereof accepted by their principals. Each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant. Each and every Defendant, as aforesaid, when acting as an agent, employee and/or joint venturer was negligent in the selection and hiring of each and every other Defendant.

8. The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will ask leave of Court to amend this complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

9. Hereinafter from time to time Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, THOMAS PATRICK GRAVELY, and DOES 1 through 10 shall be collectively referred to as "Defendants."

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10. On June 24, 2024, Plaintiff was driving a 2013 Toyota Camry in the City of Long Beach, County of Los Angeles, State of California, and Defendant THOMAS ANTHONY GRAVELY was driving a Chevrolet Malibu, while in the course and scope of his employment for and/or in furtherance of the agency relationship with Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and DOES 1 through 10, in the City of Long Beach, County of Los Angeles, State of California.

11. At all times mentioned herein and relevant hereto, Defendants and each of them, negligently operated, managed, and/or controlled the Chevrolet Malibu in such a way that they breached a duty of care to conform their conduct to that of a reasonable person, causing it to collide with the vehicle Plaintiff was driving. The resulting collision caused injuries and damages to Plaintiff as described herein.

12. On November 5, 2024, Plaintiff submitted a Claim for Damage, Injury, or Death (Standard Form 95) for administrative settlement. The United States Department of Housing and Urban Development did not expressly deny the claim. Plaintiff has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims.

## FIRST COUNT/CAUSE OF ACTION FOR RELIEF
### NEGLIGENCE
**(As to all Defendants)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 12 as though fully set forth herein.

14. On June 24, 2024, Defendant THOMAS ANTHONY GRAVELY, while acting within the course and scope of his employment for and/or in furtherance of the agency relationship with Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and DOES 1 through 10, inclusive, was driving southbound on Pacific Avenue, through its intersection with 10th Street, in the City of Long Beach. Plaintiff GREGORIA RAYMUNDO was driving eastbound on 10th Street, through its intersection with Pacific Avenue, on a green light. Defendant THOMAS ANTHONY GRAVELY failed to pay attention to traffic conditions ahead, ran the red light, and broadsided Plaintiff's 2013 Toyota Camry as Plaintiff was going through the intersection. Defendants acted or failed to act in such a manner that resulted in Defendant THOMAS ANTHONY GRAVELY negligently operating, managing, directing, and/or controlling the Chevrolet Malibu.

Defendants had a legal duty to conform their conduct to the standard of care of a reasonable person in the same circumstances. They owed a duty to all foreseeable persons, including Plaintiff. Defendants breached that duty when, on June 24, 2024, they acted in the manner described above.

15. As a direct and legal result of the above-described conduct of Defendants and each of them, Plaintiff was injured and hurt in her health, strength, activity, and everyday well-being. Plaintiff sustained injuries to her mind and body, shock and injury to her nervous system and person, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this Court's jurisdiction.

16. As a further direct and legal result of the above-described conduct of Defendants and each of them, Plaintiff was required to and did seek professional help for medical examination, treatment, and care for her injuries. Plaintiff incurred medical and incidental expenses, in an amount according to proof. Further, as a legal result of the acts and omissions of the Defendants and each of them, Plaintiff will in the future continue to incur medical and incidental expenses in an amount according to proof at trial.

17. As a further direct and legal result of the acts and omissions of Defendants and each of them, Plaintiff was prevented from attending to her employment and duties, thereby sustaining a loss of earnings, the exact amount of which will be stated according to proof at trial. Additionally, Plaintiff, prior to the incident, was able-bodied and had the capacity to become gainfully employed. As a result of the conduct of Defendants and each of them, such earning capacity has been reduced. Even in the work Plaintiff pursues, she will be forced to be absent and prevented from attending to her regular duties in any such employment and will thereby suffer additional economic losses in an amount according to proof at trial.

18. As a further direct and legal result of the acts and omissions of Defendants and each of them, Plaintiff's personal property was damaged. Additionally, Plaintiff was required to and did employ other services and did incur other expenses, the exact amount of which is unknown to Plaintiff at this time, but in an amount according to proof at trial.

## **PRAYER**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For medical expenses in an amount according to proof;
2. For lost earnings in an amount according to proof;
3. For general damages in an amount according to proof;
4. For costs of suit incurred herein;
5. For interest on such judgment as allowed by law; and
6. For such other and further relief as the Court may deem just and proper.

Dated: May __2__, 2025                    **AKARAGIAN LAW, INC.**

By: _____
Armen Akaragian, Esq.
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: May __2__, 2025                    **AKARAGIAN LAW, INC.**

By: _____
Armen Akaragian, Esq.
Attorneys for Plaintiff